UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINOSKA VERONICA FLORES AGUILAR,<br><br>                    Petitioner,<br><br>v.<br><br>CORECIVIC, INC., et al.,<br><br>                    Respondents. | No. 1:25-cv-01952-DJC-CSK<br><br><br>ORDER |

Petitioner is a noncitizen from Nicaragua who entered the United States in 2022 and was detained shortly thereafter. (Mot. (ECF No. 2-1) at 2.) Petitioner was then released from custody, though the parties dispute the terms of her release. (*Id.*; Opp'n (ECF No. 8) at 1.). In October of 2025, Petitioner was re-detained. (Mot. at 3; Opp'n at 1.) Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (ECF No. 2) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Because there is a significant dispute as to the facts of this case, Petitioner has not established likelihood of success on the merits. Accordingly, the Court denies Petitioner's Motion for Temporary Restraining Order and sets a further briefing schedule on a preliminary injunction.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).  The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success.  *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

**DISCUSSION**

Petitioner has not established a likelihood of success on the merits at this stage of the proceedings.  Petitioner initially asserted that she was subject to the discretionary detention scheme set forth in 8 U.S.C. § 1226(a), which entitles Petitioner to a pre-deprivation bond hearing.  (Pet. ¶ 33.)  However, Petitioner did not present the Court with evidence supporting these facts and appears to concede in her Reply that she may have been paroled rather than released on her own recognizance under section 1226.  (Reply (ECF No. 9) at 3.)  The government also maintains that Petitioner was previously paroled pursuant to INA § 212(d)(5) and that her parole was subsequently revoked.  (Opp'n at 1.)

Absent evidence clarifying the terms of her release, the Court cannot identify which statutory scheme Petitioner is subject to.  And without this information, the

Court cannot find Petitioner has established likelihood of success on the merits of her claims as the statutory and constitutional rights attendant to the potentially applicable statutes differ.[1]  If Petitioner was previously released on her own recognizance pursuant to section 1226(a), she is likely entitled to a bond hearing.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059, at *2–4 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700, at *2 (E.D. Cal. Dec. 11, 2025).  However, if Petitioner was released on parole pursuant to INA § 212(d)(5), the factual details concerning whether and how that parole was terminated determine whether Petitioner's statutory or due process rights have been violated by her present detention.  *See De la Torre v. Lyons*, No. 1:25-CV-01516-DJC-CSK, 2025 WL 3237885, at *3 (E.D. Cal. Nov. 20, 2025).

Accordingly, Petitioner has not yet established she is likely to succeed on or serious questions going to the merits of her claims and, therefore, is not entitled to preliminary relief.  *See Apache Stronghold v. United States*, 101 F.4th 1036, 1049 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1480 (2025), *reh'g denied*, No. 24-291 (U.S. Oct. 6, 2025) (explaining that the "first factor—likelihood of success on the merits—is the most important, and when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three factors" (cleaned up)).[2]

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED.
2. On or before January 2, 2026, Petitioner may file a further brief in support of his request for a preliminary injunction.  On or before January 9, 2026,

---

[1] As these facts will also make clear if the pending Ninth Circuit appeal in *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) will be dispositive of the issues in this case, the Court declines to grant Respondents' request to stay all further briefing deadlines at this stage.  (*See* Opp'n at 1–2.)

[2] The Court declines to address Respondents' Motion to Dismiss (ECF No. 8) as it fails to follow the Local Rules governing filing of motions.  *See* L.R. 230(b).

1 Respondents may file an opposition.  On or before January 14, 2026,
2 Petitioner shall file a reply, if any, to Respondents' opposition.  The
3 Preliminary Injunction is not currently set for a hearing, but the Court may
4 subsequently order one if it determines a hearing is necessary.
5 3. Respondents' Motion to Dismiss (ECF No. 8) is DENIED WITHOUT
6 PREJUDICE to refiling a properly noticed motion in compliance with the
7 Local Rules.

IT IS SO ORDERED.

Dated:   **December 26, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Aguilar25cv01952.tro

4