UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORES AGUILAR, | No. 1:25-cv-01952-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| CORECIVIC, INC., et al., | |
| Respondents. | |

On December 29, 2025, this Court denied Petitioner's Motion for Temporary Restraining Order (ECF No. 2) because there was "a significant dispute as to the facts of this case" such that Petitioner had not established a likelihood of success on the merits. (ECF No. 10 at 1.)  Specifically, the Court could not ascertain based on the facts and evidence presented what statutory scheme Petitioner was subject to. (*Id.* at 2.)  For the same reasons stated in that Order, this Court also declined to grant Petitioner a preliminary injunction. (ECF No. 14.)  Petitioner now moves for reconsideration of that decision based on "newly received records from Petitioner's initial detention" that "clarify the conditions of her release."  (Mot. (ECF No. 15) at 2.)  Having considered the arguments made and exhibits submitted in support of the Petition and Motion for Reconsideration and those submitted in opposition, the Court

1

now rules directly on the underlying claims raised in the Petition.  For the reasons stated below, the Petition is granted.

A district court has the inherent power to reconsider, rescind, or modify an order for sufficient cause.  *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  Pursuant to Local Rule 230(j), the moving party must identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j).

Petitioner has done so here.  After this Court's prior Order, Petitioner obtained her official records from the Department of Homeland Security, which detail the terms of her 2022 release from custody.  (Salgado Decl. (ECF No. 15-1) at 2.)  Petitioner's counsel explains that these records were "not previously available to counsel despite diligent efforts" because they "were in the exclusive possession and control of the Respondents."  (*Id.*)  Therefore, reconsideration is warranted and, on the newly presented evidence, Petitioner is entitled to relief.

Petitioner is a noncitizen who entered the United States in 2022 and was detained shortly thereafter.  (Mot., Ex. J at 2.)  The newly presented evidence shows that Customs and Border Patrol released Petitioner on parole pursuant to 8 U.S.C. § 1182(d)(5).  (*Id.*)  On October 15, 2025, the Government attempted to revoke Petitioner's parole pursuant to 8 C.F.R. § 212.5(e)(2)(i) by issuing Petitioner a "Notification of Parole Revocation."  (Mot., Ex. L at 1.)

The Court's prior orders are dispositive on the issues raised in Petitioner's Motion.  *See, e.g.*, *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026).  For the reasons stated in those cases, Petitioner is entitled to relief. The Government argues the October notification successfully revoked Petitioner's parole and was predicated on an individualized determination that Petitioner was "avoiding being found in greater noncompliance" due to her 32 violations of the

2

Alternative to Detention Program.  (Opp'n (ECF No. 17) at 1; *see also* ECF No. 17-1.) However, even if Respondents are correct that they validly revoked Petitioner's parole pursuant to 8 C.F.R. § 212.5(e)(2)(i), they nonetheless failed to comply with the Due Process Clause as Petitioner was not provided with an opportunity to be heard at a bond hearing.

Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and cost required to provide Petitioner with procedural safeguards are minimal.

**CONCLUSION**

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to count one.[1]

2.  Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Aguilar25cv01952.habeasmerits

4