UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINOSKA VERONICA FLORES AGUILAR,<br><br>　　　　　Petitioner,<br><br>v.<br><br>CORECIVIC, Inc.,<br><br>　　　　　Respondents. | No. 1:25-CV-01952-DJC-CSK<br><br><br>ORDER |

Petitioner Ninoska Veronica Flores Aguilar is an immigration detainee who received a bond hearing before an Immigration Judge in response to this Court's prior Order that Respondents provide her with one.  At the hearing, the Immigration Judge denied bond, concluding that Petitioner was a flight risk.  Petitioner now requests additional relief, contending that the bond hearing she received was constitutionally inadequate.  For the reasons discussed below, Petitioner's request is DENIED.

On March 19, 2026, this Court granted Petitioner's Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing within seven (7) days. (Prior Order (ECF No. 20).)  Judgment was entered the same day.  (ECF No. 21.)  On March 25, 2026, Petitioner appeared for a bond hearing before an Immigration

1

Judge.  (*See generally* March 25, 2026 Recording (ECF No. 24) at Ex. 1 (lodged audio recording).)  Because Petitioner's counsel, Mario Salgado, was not present in court, the Immigration Court contacted Petitioner's counsel over the phone.  (*Id.*)  After communicating with Petitioner's counsel, the Immigration Court continued the hearing to the next day, March 26, 2026.  (*Id.* at Ex. 2 (lodged audio recording).)  On March 26, 2026, Petitioner and different counsel, Victor Garza, appeared for the hearing.  (*See generally* March 26, 2026 Recording (ECF No. 24) at Ex. 3 (lodged audio recording).)  At the March 26, 2026, hearing, the Immigration Judge denied bond because she concluded that Petitioner was a flight risk.  (*Id.*; *see also* IJ Order (ECF No. 24-1) at 2–3.)

On April 13, 2026, Petitioner filed a status report with this Court challenging the constitutional sufficiency of the bond hearing she received and requesting additional relief.  (Status Rep. (ECF No. 22).)  This Court directed Respondents to file a Response to Petitioner's status report, and Respondents complied.  (Resp. (ECF No. 24.))  Respondents also lodged audio recordings with the Court.  (*See* ECF Nos. 25, 26.)  Petitioner then filed a Reply.  (Reply (ECF No. 27).)

**LEGAL STANDARD**

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard."  *Id.* (citation and quotations omitted).  "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).  The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due

process." *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017).  Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion.  *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

**DISCUSSION**

## I.  Sufficiency of the Bond Hearing

Petitioner asserts that she did not have adequate legal counsel at her bond hearing, that the Immigration Judge improperly relied on her lack of tax documentation to find flight risk, and that the Immigration Judge did not conduct an individualized analysis to find she was a flight risk.  (*See generally* Status Rep.)  Each of these arguments fails.

*First*, Petitioner claims her right to counsel was violated when "the bond proceeding went forward despite the absence of any meaningful communication between Petitioner and her attorney" because her counsel was "effectively absent." (Status Rep. at 3.)  In her Reply, Petitioner clarifies that "contrary to any implication otherwise[,]" (Reply at 1), "the abbreviated timeline between notice, consultation, and hearing impaired counsel's ability to adequately prepare evidence, develop the record, and effectively advocate on Petitioner's behalf," (*id.* at 2).  Petitioner's shifting characterization of events is not well taken.  The lodged audio recordings reflect that when Petitioner's counsel failed to appear at the first bond hearing, the Immigration Judge immediately reached out to his office, made contact with counsel, and continued the hearing to the next day.  (*See* Exs. 1, 2.)  Therefore, the Immigration Judge complied with her duty that "if counsel fails to appear, the [Immigration Judge] must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored."  *Montes-Lopez v. Holder*, 694 F.3d 1085, 1089-90.  At the bond hearing the next day, the record further reflects that Petitioner's counsel was present and advocated on her behalf.  (*See* Ex. 3.)  Accordingly, the Court concludes that

Petitioner is not entitled to relief on her claim that she lacked meaningful representation during her immigration proceedings.

*Second*, Petitioner alternatively contends the Immigration Judge improperly relied on her lack of financial documentation, particularly her lack of tax records, to conclude she was a flight risk. (Status Rep. at 4.)  Not so.  The record reflects that the Immigration Judge identified multiple independent reasons to warrant a finding of flight risk and denial of bond, in addition to Petitioner's lack of tax records documentation.  For example, the Immigration Judge identified Petitioner's lack of a stable residential history, her unlawful entry into the country, and her lack of immediate family members from whom she might be able to derive status.  The Immigration Judge further observed, upon questioning, that Petitioner was unable to provide an explanation as to why she had not paid taxes since her entry into the country in 2022.  (*See* Ex. 3 at 10:58–12:50.)  The Court may not second guess the Immigration Judge's weighing of the evidence and does not find that the Immigration Judge's determination reflected clear legal error or lacked sufficient evidence.  *Quan*, 2021 WL 308610, at *4.[1]

*Third*, the Immigration Judge applied the correct legal standard of clear and convincing evidence, which was both individualized to Petitioner and supported by reasoned analysis as the record demonstrates.  The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss."  *Martinez*, 124 F.4th at 785 (cleaned up); *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).  Here, after allowing for argument from both parties, the Immigration Judge questioned Petitioner and ultimately concluded that the Government carried its burden to show

---

[1] Petitioner's reliance on *Hernandez v. Sessions* is unavailing because, in that case, there was no dispute that the class of non-citizens at issue was *not* a flight risk and yet the class remained detained because of the noncitizens' inability to pay the prescribed bond amount.  872 F.3d 976, 981–82 n.3 (9th Cir. 2017).  That materially differs from the situation presented in this case.

that Petitioner was a flight risk.  As explained above, the Immigration Judge provided individualized analysis specific to Petitioner in making this determination.  (*See* Ex 3 at 10:58–12:50

For all these reasons, the Court concludes that the Immigration Judge did not abuse her discretion or commit clear legal error.  Therefore, Petitioner's request for additional relief is DENIED.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Status Report requesting additional relief (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated:   __**May 29, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE